LEVY v. O'REILLY et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

CONTRACTS (§ 319*)—PERFORMANCE—SUFFICIENCY.

Where plaintiff's contract for repairing defendant's fire escapes provided that the contract price should be $180, payable $90 on completion of the work, and $90 when plaintiff obtained all dismissals of the violation of the tenement house regulations from the tenement house department, plaintiff could not, on completing the work, recover the remaining $90, if all of the work necessary to dismiss the violation had not been done, and the violation had never been dismissed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. § 319.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Charles Levy against John F. O'Reilly and another. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Joseph E. Cosgrove, of Brooklyn (August W. Glatzmayer, of New York City, of counsel), for appellants.

Oscar Englander, of New York City (Louis Kunen, of New York City, of counsel), for respondent.

GUY, J. The action is for work, labor, and services; the defense, a general denial.

Plaintiff testified that he was engaged to do the work necessary "to vacate" a tenement house department "violation" on an unfinished fire escape, for which he gave an estimate of $180. He says he completed the work, and was paid only $90, and that the contract "was a verbal conversation."

Defendants produced a written contract in the form of a proposal by plaintiff and an acceptance by defendant "to remove fire escape violation No. 28,822/09" for $180 "to be paid as follows: Ninety dollars ($90) on completion of work. Ninety dollars ($90) when I have obtained all dismissals on said violation from the tenement house department." Plaintiff's name appears affixed thereto by a rubber stamp.

In lieu of a certificate that the violation had been dismissed, plaintiff produced a letter from the department to himself, setting forth that the construction of the new fire escape conforms to the

departmental regulations, but stating that four different orders relating to the fire escape "remain uncomplied with, and should receive prompt attention."

Plaintiff asserted he was in the habit of signing all his letters with a rubber stamp. Two other letters, besides the contract, were produced so signed. Defendant Dahn says that the contract was dictated by him to plaintiff's stenographer over the telephone. It was subsequently signed and mailed to them from plaintiff's office. They received it the next day.

A representative of the tenement house department testified that all the work covered by the violation had not been done. Some of it still remains to be done. The violation has never been dismissed.

Plaintiff's stenographer testified that the contract was dictated to her over the telephone; that she signed it in plaintiff's name with the rubber stamp, with which plaintiff always signs his letters—she did not know why. She also said she mailed the letter right away before the plaintiff returned; that she had been in his office four years, and during that time had always stamped all his letters and contracts with the rubber stamp signature.

The violation has never been removed. Plaintiff cannot recover until this condition of the contract has been complied with.

The judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.